IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN ROBB,

        Petitioner,                    No. CIV S-07-0757 WBS EFB P

    vs.

WARDEN, CALIFORNIA STATE
PRISON SOLANO, et al.,

        Respondents.              FINDINGS AND RECOMMENDATIONS
_____/

       Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. This action proceeds on the April 20, 2007, petition, in which the petitioner challenges the Board of Parole Hearings's ("Board") July 22, 2004, decision finding him unsuitable for parole. Respondents move to dismiss this action upon the ground petitioner failed to exhaust state remedies. Petitioner opposes, asserting that he did in fact exhaust. For the reasons explained below, the court recommends that respondents' motion be granted.

**I.    Procedural History**

       Petitioner is serving twenty-seven years to life for first-degree murder, a crime that occurred on January 18, 1980. Pet., at 1. He was also convicted of attempted murder for a crime that occurred after the January 1980 murder. *Id*. Petitioner came up for parole before the Board of Parole Hearings on July 22, 2004, and parole was denied. *Id*.

1

Petitioner sought habeas corpus relief in Los Angeles Superior Court, which was denied on July 20, 2005. The Superior Court found that the Board's decision was supported by "some evidence," and cited to the Board's primary concern for the safety of the community. *In re Dannenberg*, 34 Cal.4th 1061 (2005). Pet., Ex. G.

Petitioner next sought relief in the First Appellate District Court of the California Court of Appeal. That petition was denied on September 15, 2005, without prejudice to the filing of a new petition in the Second District Court of the California Court of Appeal. Pet., Ex. H.

Petitioner thereafter filed a petition in the Second Appellate District, which was denied on January 26, 2006, with a citation to *Dannenberg*, 34 Cal.4th 1061, for the holding that "the record shows that the circumstances of petitioner's first-degree murder offense far 'exceed the minimum elements necessary to sustain a conviction' of that offense in numerous respects." Pet., Ex. I.

Petitioner then filed a petition in the California Supreme Court on November 27, 2006. Pet., Ex. J. This petition was denied with a citation to *People v. Duvall*, 9 Cal.4th 464, 474 (1995), on January 24, 2007. *Id.*

## II.   Standards

A district court may not grant a petition for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State," or unless there is no State corrective process or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by presenting the "substance of his federal habeas corpus claim" to the state courts. *Picard v. Connor*, 404 U.S. 270, 278 (1971) (no exhaustion where the petitioner presented operative facts but not legal theory to state courts); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995)(to exhaust a claim, a state court "must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution"). A claim is unexhausted if any state remedy is available. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (petitioner must seek

1  discretionary review from state court of last resort); *Roberts v. Arave*, 874 F.2d 528, 529 (9th
2  Cir. 1988)(no exhaustion where state supreme court referred petitioner's appeal of trial court's
3  denial of post-conviction relief to lower appellate court and petitioner failed to appeal lower
4  court's disposition of that appeal to state supreme court).   Unless the respondent specifically
5  consents to the court entertaining unexhausted claims, a petition containing such claims must be
6  dismissed.  *See* 28 U.S.C. § 2254(b)(3); *Picard*, 404 U.S. at 275.  For a California prisoner to
7  exhaust, he must present his claims to the California Supreme Court on appeal in a petition for
8  review or on post-conviction in a petition for a writ of habeas corpus.  *See Carey v. Saffold*, 536
9  U.S. 223, 239-40 (2002) (describing California's habeas corpus procedure); *Gatlin v. Madding*,
10 189 F.3d 882, 888 (9th Cir. 1999).

**III.    Analysis**

Respondents move to dismiss, arguing that petitioner failed to exhaust his state court remedies and pointing to the California Supreme Court denial of petitioner's state petition with a citation to *Duvall*, 9 Cal.4th at 474.  That citation stands for the propositions that "the petitioner bears a heavy burden initially to plead sufficient grounds for relief, and then later to prove them" and that petitioner must establish grounds for his release by including copies of reasonably available documentary evidence supporting the claim, including pertinent portions of trial transcripts and affidavits and declarations.  *Duvall*, 9 Cal.4th at 474.  In essence, the court, by necessary implication, found that petitioner had failed to comply with the requirement that he fairly present his claims to the state courts because he did not attach relevant transcripts to his petition. Resp.'s Mot. to Dism., Ex. 1 at 3.  Therefore, respondents contend, petitioner has failed to exhaust his federal claims in state court before presenting his petition in this Court. *Gaston*, 417 F.3d at 1038-39; *Harris*, 500 F.2d at 1128.

The court finds that petitioner failed to exhaust his state court remedies by failing to present the "substance of his federal habeas corpus claim" to the state courts.  The court therefore recommends granting respondents' motion to dismiss.  *Picard v. Connor*, 404 U.S. at

1  278.

2  Accordingly, it is hereby RECOMMENDED that respondents' June 18, 2007, motion to
3  dismiss be granted and the Clerk of the Court be directed to close this case.

4  These findings and recommendations are submitted to the United States District Judge
5  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
6  after being served with these findings and recommendations, any party may file written
7  objections with the court and serve a copy on all parties.  Such a document should be captioned
8  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
9  within the specified time may waive the right to appeal the District Court's order. *Turner v.*
10 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

11 Dated:  February 21, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4