1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10    JOHN ROBB,

11            Petitioner,                    No. CIV S-07-0757 WBS EFB P

12        vs.

13    WARDEN, CALIFORNIA STATE
      PRISON SOLANO, et al.,
14
              Respondents.              ORDER
15    _____/

16            Petitioner, a state prisoner proceeding pro se, has filed this application for a writ

17    of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States

18    Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

19            On February 22, 2008, the magistrate judge filed findings and recommendations

20    herein which were served on all parties and which contained notice to all parties that any

21    objections to the findings and recommendations were to be filed within fourteen days.

22            Petitioner seeks review of a denial of parole.  Respondents argued in their motion

23    to dismiss that petitioner did not fairly present his claims to the state courts, as evidenced by the

24    California Supreme Court's citation to People v. Duvall, 9 Cal.4th 464, 474 (1995), and therefore

25    failed to exhaust his federal claims before filing the instant petition.  The magistrate judge agreed

26    and recommended dismissal on that ground.  Petitioner has filed objections to the findings and

                                              1

1   recommendations, stating that he did fairly present his claims to the state court by attaching

2   relevant portions of the transcript of his parole hearing.  The problem petitioner faces under

3   Duvall is not simply whether he attached the relevant portions of his transcript, but whether those

4   relevant portions together with his arguments actually support his petition.  Here, they do not.

5            The Duvall decision holds that:

6        To satisfy the initial burden of pleading adequate grounds for relief, an application
         for habeas corpus must be made by petition, and "[i]f the imprisonment is alleged
7        to be illegal, the petition must also state in what the alleged illegality consists." (§
         1474, subd. 2.) The petition should both (i) state fully and with particularity the
8        facts on which relief is sought ( People v. Karis (1988) 46 Cal.3d 612, 656 [250
         Cal.Rptr. 659, 758 P.2d 1189] [hereafter Karis]; In re Swain (1949) 34 Cal.2d
9        300, 304 [209 P.2d 793]), as well as (ii) include copies of reasonably available
         documentary evidence supporting the claim, including pertinent portions of trial
10       transcripts and affidavits or declarations. ( Harris, supra, 5 Cal.4th at p. 827, fn. 5;
         Clark, supra, 5 Cal.4th at p. 791, fn. 16.) "Conclusory allegations made without
11       any explanation of the basis for the allegations do not warrant relief, let alone an
         evidentiary hearing." ( Karis, supra, at p. 656.)

12

13   People v. Duvall, 9 Cal.4th at 474.  By citing to Duvall, the California Supreme Court necessarily

14   indicated that the petition lacked adequate support for petitioner's argument.  Petitioner's

15   reliance on the attachments to his petition does not assist him in that regard.  The court has

16   reviewed the transcripts appended to the petition and finds that they fail to support petitioner's

17   claim for relief.  The transcripts, in essence, document that petitioner has responded well to the

18   various self-help programs available to him and show that he has been relatively free of

19   disciplinary actions.  However, he was denied parole for unrelated reasons.  The parole board

20   found that "these positive aspects of his behavior do not outweigh the factors of unsuitability"

21   based on the nature and circumstances of his crimes.  Pet., Ex. D, 66:15-17.

22            In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-

23   304, this court has conducted a de novo review of this case.  Having carefully reviewed the entire

24   file, the court finds the findings and recommendations to be supported by the record and by

25   proper analysis.

26   ////

1          Accordingly, IT IS HEREBY ORDERED that:

2          1.  The findings and recommendations filed February 22, 2008, are adopted in

3    full;

4          2.  Respondents' June 18, 2007, motion to dismiss is granted; and

5          3.  The Clerk of the Court is directed to close the case.

6    DATED:  March 28, 2008

7

8          WILLIAM B. SHUBB
           UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

3